UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT D. KORNAGAY,

    Plaintiff,

v.                                  Case No.:  2:24-cv-980-SPC-NPM

R. TABIL *et al.*,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Robert D. Kornagay's Complaint (Doc. 1). Kornagay is a prisoner of the Florida Department of Corrections and sues twelve state prison officials under 42 U.S.C. § 1983. The Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915A.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the

constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

The root of this action is Kornagay's allegation that Defendant Tabil repeatedly threatened Kornagay for filing prior lawsuits and encouraged other inmates to attack him. Kornagay was eventually stabbed by another inmate in an attack allegedly orchestrated by Defendants Coreff and Bias. Kornagay alleges Defendants Snider, Scarpatty, and Dawson knew of the danger but were deliberately indifferent to it. And he accuses Noe, Zabala, and Garnet of deliberate indifference to the injuries he suffered in the attack. These claims survive *sua sponte* review. But Kornagay's claims against Johns and Adams do not.

Johns and Adams are representatives of the FDOC secretary. Kornagay asserts they violated his Eighth Amendment rights when handling grievances. Specifically, he alleges Johns returned an emergency grievance because it did not qualify as an emergency under the Florida Administrative Code, sent the grievance to the warden, and advised Kornagay to file an informal grievance. Kornagay alleges Adams denied a grievance appeal.

The Eighth Amendment's "prohibition of cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Cox v. Nobles*, 15 F.4th 1350, 1358 (11th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To succeed on a failure

to protect claim, a plaintiff must show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the prison official was deliberately indifferent to the risk, and (3) the constitutional violation caused his injuries. *Id.* at 1357-58. Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A defendant was not deliberately indifferent if he responded reasonably to the risk. *Id.*

Kornagay does not plausibly plead that Johns or Adams acted recklessly to a known risk of serious harm. Johns did not ignore Kornagay's grievance— he responded reasonably by sending it to the warden and advising Kornagay on the proper procedure. Kornagay's real dispute with Johns is over the definition of an "emergency grievance." That claim is not actionable in federal court because "prisoners have no constitutionally protected liberty interest in having access to prison grievance procedures." *Allen v. Sec'y, Fla. Dep't of Corr.*, 578 F. App'x 836, 439 (11th Cir. 2014). Thus, alleged defects in the grievance procedure do not violate a prisoner's constitutional rights. *Id.*

What is more, Kornagay does not state the content of the grievance John returned or the appeal Adams denied. An official cannot be found liable for deliberate indifference if he or she acted reasonably. "[T]he reasonableness of

3

the response is dependent upon the exigencies of the specific circumstances." *Cox*, 15 F.4th at 1360. And a prisoner asserting a failure-to-protect claim must plead facts that help the court understand where the defendant's response fell on the sliding scale between reasonable and reckless. *Id.* Kornagay failed to allege what Johns and Adams knew when they made their respective decisions. As a result, his complaint does not plausibly establish that either defendant was deliberately indifferent to a substantial risk of serious harm.

Accordingly, it is

**ORDERED:**

Plaintiff Robert Kornagay's claims against Defendants Johns and Adams are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate Johns and Adams as parties to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 17, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record